```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
------------------------------------------------X  ELECTRONICALLY FILED
                                                :  DOC #: _____
MARGO JACOBSEN,                                 :  DATE FILED: January 7, 2016
                                                :
                        Plaintiff,              :
                                                :
                                                :
            -v-                                 :     15-cv-6677 (KBF)
                                                :
MELISSA DHUNDALE, M.D., CORNELL                 :     MEMORANDUM
UNIVERSITY d/b/a GANNET HEALTH                  :     DECISION & ORDER
SERVICES, DANIEL SUDILOVSKY, M.D.,              :
and CAYUGA MEDICAL CENTER AT                    :
ITHACA, INC.                                    :
                                                :
                                                :
                        Defendants.             :
------------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

Plaintiff, formerly a student at Cornell University, brings this medical malpractice action against the university, a medical center, and two physicians. Defendants moved to transfer venue from this district to the Northern District of New York ("NDNY"), where all defendants reside and where plaintiff received the allegedly negligent medical treatment. For the reasons below, defendants' motions to transfer venue are GRANTED.

The proponent of a venue transfer motion bears the burden to make a clear and convincing showing that "(1) the action is one that might have been brought in the proposed transferee district . . . and (2) the transfer is appropriate given the convenience of parties and witnesses and in the interest of justice." Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 401 (S.D.N.Y. 2005) (internal quotation marks and citations omitted). It is undisputed that venue is proper in the

proposed transferee district NDNY, since all defendants reside within that district.[1] See 28 U.S.C. § 1391.

In determining whether a transfer is in the interest of justice, district courts have broad discretion, but consider the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010). Defendants have amply demonstrated that major factors in this action, including convenience of the witnesses and parties and locus of operating facts, weigh in favor of transfer of venue to NDNY.[2] These factors outweigh plaintiff's own choice of forum.

First, the Court finds that the convenience of the witnesses and parties favors NDNY.[3] Numerous courts in this circuit have held that this is "the most significant

---

[1] Plaintiff, a resident of Massachusetts, argues that venue is also proper in the Southern District of New York because defendant Cornell University conducts business there. However, this fact is not dispositive for the purposes of this motion.

[2] There are several factors that the Court assigns little or no weight in its decision. First, Court assigns little weight to defendants' argument that proceeding in SDNY would put some Ithaca-based witnesses outside of the 100-mile subpoena zone under Fed. R. Civ. P. 45(c)(1)(A). The Court cannot guarantee that that a transfer would not result in the trial proceeding in Albany (also more than 100 miles from Ithaca). The Court also has no information as to whether these witnesses are within the control of defendants or could submit videotaped depositions for trial. Second, the Court does not find location of documents to be dispositive or particularly weighty, since documents have been or can be produced electronically. Finally, the relative means of parties are also not at issue.

[3] The Court notes that because plaintiff has consented to taking depositions where defendants' witnesses are located, the only consideration of convenience is for trial purposes. (See Richman Aff. ¶12.)

2

factor." Nieves v. Am. Airlines, 700 F. Supp. 769, 772 (S.D.N.Y. 1988); see also Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006); Coker v. Bank of Am., 984 F. Supp. 757, 765 (S.D.N.Y. 1997). Defendants have supplied affidavits from a variety of party and non-party witnesses, most of whom are physicians, each declaring that traveling to the Southern District of New York ("SDNY") would create undue hardships to themselves, their patients, and/or their families. (See, e.g., Bollo Aff. ¶¶ 11-19; Campbell Aff. ¶¶ 7-19; Sudilovsky Aff. ¶¶ 4, 9-10; Dhundale Aff. ¶¶ 8-9.) It is easier for a witness to travel from Ithaca to Syracuse or Binghamton (1- to 1.5-hour drive) and to Albany (3 hour drive) than to New York City (4 hour drive). There is no train or commercial air service between Ithaca and any of those cities.

While plaintiff contends that New York City is more convenient for herself and other witnesses located in Boston—where she eventually received further treatment, this is only partially supported by facts before this Court. Plaintiff does not proffer any affidavits to demonstrate the relative difficulty of traveling to NDNY for any of her witnesses. Travel times and distances between Boston and SDNY and NDNY are not substantially different.[4] (See Salkin Aff. ¶ 33.) As for third-party witnesses located in California, plaintiff's counsel states that he plans on taking video depositions to be preserved for trial, and thus the issue of whether

---

[4] Google Maps, a method employed by both parties in their affidavits, indicates that it takes about 4 to 5 hours to drive from Boston to New York City, but only about 3 hours to Albany and 5 hours to both Syracuse and Binghamton. A flight from Boston to New York City takes about 1 to 1.5 hours, while a flight to Albany is about 1 hour and to Syracuse, 1.5 hours. Perhaps the only travel advantage for New York City is that there is a direct train that takes between 3.5 to 4 hours.

it is easier to fly from various Los Angeles area airports to New York City airports or airports within NDNY is irrelevant. Thus, the testimony of various proposed witnesses indicates that many would be more inconvenienced by the travel to SDNY than any point in NDNY. See Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) ("[A] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide.").

Next, the Court finds that the predominant locus of operating facts occurred in NDNY; in fact, none of the events at issue occurred in SDNY. Plaintiff does not allege that she has ever resided in or received medical treatment within SDNY.[5] According to her Complaint and affidavit, she received care from defendants while as a student at Cornell University and said care was rendered in Ithaca. (See Compl. ¶¶ 4-6, 11-17, Jacobsen Aff. ¶¶ 5-8.) Plaintiff offers no argument in her favor on this factor.

Finally, plaintiff's choice of forum is the most significant factor in her favor. However, she has proffered no personal ties to SDNY or any particular reason for choosing it besides the fact that traveling to New York City is "extremely convenient" to her. (Jacobsen Aff. ¶ 27.) Plaintiff acknowledges that the

---

[5] Plaintiff's claim that Cornell offers a bus service between its campus in Ithaca and New York City, and that as a student minoring in Global Health, she watched videos of lectures given by individuals at Cornell's medical school campus in New York City and was encouraged to connect with faculty there are wholly irrelevant to her cause of action and her choice of venue in this action. (See Jacobsen Aff. ¶ 18.)

consideration given to her choice of venue is diminished if she does not have ties to it. See Harris v. Brody, 476 F. Supp. 2d 405, 406 (S.D.N.Y. 2007) ("Ordinarily, the plaintiff's choice of forum is accorded relatively greater importance than the other factors. That is not the case, however, when the operative facts have few meaningful connections to the plaintiff's chosen forum."); see also Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 101 (2d Cir. 2000) (holding that in the forum non conveniens context, "deference [to plaintiff's choice of forum] increases as the plaintiff's ties to the forum increase"). Here, the importance of plaintiff's choice of forum is vastly diminished by the lack of connection SDNY and outweighed by the inconvenience it poses to defendants and witnesses.

For the reasons stated above, the balance of factors weigh greatly in favor of transfer, and defendants' motions are GRANTED. The Clerk of Court is directed to terminate the motions at ECF Nos. 29 and 37 and to transfer this action to the Northern District of New York.

SO ORDERED.

Dated:    New York, New York
           January 7, 2016

_____
KATHERINE B. FORREST
United States District Judge